UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA J. KYNG PARIAH JOHNSON,

                        Petitioner,

-against-

SUPERINTENDENT SAMUELSON,

                        Respondent.

24-CV-0126 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at Albion Correctional Facility, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging her 2023 conviction in the New York Supreme Court, New York County. Petitioner's direct appeal of the conviction is pending. By order dated January 26, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court denies the petition, without prejudice to Petitioner's filing a new petition upon conclusion of state court review.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner Jinja Johnson[1] alleges that she pleaded guilty in the New York Supreme Court, New York County, to charges of attempted criminal possession of a firearm, in satisfaction of all of the charges against her. (ECF 1 at 3.) Petitioner was sentenced on March 6, 2023, to three years' incarceration and five years' post-release supervision. (*Id.*) She attaches to her Section 2254 petition a notice from the Appellate Division, First Department, dated April 14, 2023, which confirms that "a timely notice of appeal has been filed" in connection with this conviction. (*Id.* at 42.) Petitioner also attaches an Appellate Division order directing the Clerk of the New York Supreme Court, New York County, to provide transcripts to Petitioner's counsel, once the court reporter makes transcripts of the stenographic minutes available. (*Id*. at 43.) The Appellate Division extended the time to perfect the appeal until 180 days after counsel's receipt of the complete record. (*Id.* at 44.) Petitioner states that the "lower courts still haven't sent all documents to my lawyers." (*Id.* at 4.) In response to a question on the Court's form complaint asking for the date of the result of the appeal, Petitioner writes "N/A." (*Id.*)

Despite these allegations and attachments indicating that Petitioner's appeal of her conviction remains pending, Petitioner also indicates that she has sought further review from a higher court. Petitioner states that she filed a further appeal in the United States Court of Appeals

---

[1] Petitioner also refers to herself as "Kyng Pariah."

for the Second Circuit under docket number 23-6680, where she writes that it was "dismissed – moot the reopened." (*Id.*)[2]

This Section 2254 petition can be liberally construed as asserting the following grounds for relief: (1) Petitioner was subjected to double jeopardy, in violation of the Fifth Amendment; (2) Petitioner was denied due process; and (4) the trial court lacked jurisdiction. (*Id.* at 7-10.)

## DISCUSSION

### A.   Exhaustion of state court remedies

Before a petitioner can seek federal *habeas corpus* relief under 28 U.S.C. § 2254, the petitioner must exhaust state court remedies. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). The state judicial system must be given the first opportunity to review the errors raised by a petitioner before a federal court may review a Section 2254 petition for a writ of *habeas corpus*. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

The petition indicates that Petitioner's direct appeal from her conviction has not yet been decided. In order to exhaust her claims on direct appeal within the state court system, first, the Appellate Division must decide the outcome of her appeal. If she is adversely affected by the Appellate Division's decision, she must seek leave to appeal to the New York Court of Appeals,

---

[2] The Court did not locate any public records of an action or appeal in the United States Court of Appeals for the Second Circuit under docket number 23-6680. Petitioner has filed many civil rights actions in this district. *See, e.g.*, *Johnson v. McClain*, No. 22-CV-08685 (LTS) (S.D.N.Y. July 28, 2023); *Johnson v. Bragg*, No. 22-CV-08651 (LTS) (S.D.N.Y. Mar. 6, 2023); *Johnson v. James*, No. 22-CV-04358 (LTS) (S.D.N.Y. Aug. 30, 2022); *Johnson v. Rikers Island (R.MS.C.)*, No. 21-CV-2076 (CM) (S.D.N.Y. July 20, 2021); *Johnson v. Ramos*, No. 20-CV-10361 (LLS) (S.D.N.Y. Aug. 10, 2021).

the highest New York State court. N.Y. Crim. Proc. Law § 460.20; *see United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If Petitioner raises any of her grounds for relief in a collateral motion in the trial court under Section 440 of the New York Criminal Procedure Law and is unsuccessful, she must seek leave to appeal to the Appellate Division before exhaustion is complete. *See, e.g.*, *Ramos v. Walker*, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000).

Because Petitioner's direct appeal is pending, and she has not fully exhausted her state court remedies by raising her grounds for relief through one complete round of the State's established review process, the Court denies the petition without prejudice as prematurely filed.

The Court notes that a petitioner generally has only one opportunity to bring a Section 2254 *habeas corpus* petition in federal court. Because this petition is not being addressed on the merits, the filing of this petition does not prevent Petitioner from bringing a new Section 2254 petition challenging this conviction. *See, e.g., Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005) (holding that for a petition to be considered "second or successive," disposition of the earlier petition must qualify as an adjudication on the merits). Petitioner should be aware, however, that there is a limitations period for bringing a Section 2254 *habeas corpus* petition. A prisoner seeking *habeas* relief under Section 2254 generally must file a petition within one year from the latest of four benchmark dates:

> (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1)-(2).

**B.     Leave to amend denied**

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition at this time cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend her petition.

## CONCLUSION

The Court denies this *habeas corpus* petition, brought under 28 U.S.C. § 2254, without prejudice as unexhausted and prematurely filed.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall issue.

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge